**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **FIRST AMERICAN TITLE INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 10-1273-MLB |
| **DANNY M. RICH, MARY BETH RICH, and THE CITY OF HUTCHINSON, KANSAS,** ) ) ) ) | |
| Defendants, ) ) ) | |
| **JERRY MCGONIGLE and GEORGIA MCGONIGLE,** ) ) ) | |
| Defendants/Third Party Plaintiffs, ) ) ) | |
| v. ) ) | |
| **ASTLE REALTY, INC., and KAREN GILLILAND,** ) ) ) | |
| Third Party Defendants. ) ) ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Jerry and Georgia McGonigle's motion for leave to amend their "Counterclaim, Cross-claim and Third-party claim" (Doc. 68) and third-party

defendant's motion for leave to file a surreply (Doc. 80). Specifically, the McGonigles seek leave to amend to: (1) assert claims against a new party, Terry Brigman; (2) withdraw certain causes of action; and (3) revise their factual allegations. Third-party defendants Astle Realty and Karen Gilliland oppose the addition of Terry Brigman, arguing that any claims against Mr. Brigman are barred by the statute of limitations. For the reasons set forth below, the motion to amend shall be **GRANTED.** The motion for leave to file a surreply is **MOOT.**

## Background

This is a lawsuit concerning the purchase of "lake property" in Hutchinson, Kansas. Highly summarized, in 2008 the McGonigles (the "buyers") purchased a tract of real estate containing a residential home, small lake, and dam from the Riches (the "sellers"). After taking possession of the property, the buyers learned that the dam was subject to a recorded 1981 maintenance agreement with the City of Hutchinson and that significant expenditures would be required to bring the dam into compliance with the agreement. Because First American Title Insurance Company issued a title insurance policy which apparently did not except the maintenance agreement from coverage, First American filed this lawsuit seeking a declaratory judgment concerning its insurance obligations. The defendants to the declaratory action are (1) the buyers, (2) the sellers, and (3) the City of Hutchinson.

The buyers answered the declaratory action and also asserted: (1) counterclaims against First American Title; (2) cross-claims against the sellers; (3) and third-party claims against Astle Realty, Inc. and Karen Gilliland who served as real estate agent to the sellers

on the transaction. The buyers contend that Astle Realty and Gilliland engaged in fraud by silence and violated the Kansas Consumer Protection Act.

### Buyers' Motion to Amend

As noted above, the buyers seek leave to amend to add a new party, withdraw certain claims, and revise their factual allegations. No party opposes the buyers' request for leave to amend to withdraw certain claims or to revise their factual allegations and, pursuant to D. Kan. Rule 7.4, that portion of the motion shall be granted without further comment. Astle Realty and Gilliland, the only parties who responded to the motion, oppose the addition of Terry Brigman as a new third-party defendant, arguing that any claims against him are barred by the statute of limitations.[1]

The standard for permitting a party to amend his or her pleadings is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful

---

[1] The buyers allege that Mr. Brigman was *their* agent (buyers' agent) in the real estate transaction. Mr. Brigman apparently also works for Astle Realty.

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). A proposed amendment is futile if the proposed amended complaint would be subject to dismissal. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

Astle and Gilliland argued that an amendment adding Terry Brigman would be futile because the buyers' injuries were reasonably ascertainable by November 2008 and such claims are now barred by the two-year statute of limitations found in K.S.A. § 60-513(a)(4). The buyers counter that the claims are not barred because they first learned of Mr. Brigman's negligence when taking a deposition on June 25, 2012. Relying on §60-513(b), the buyers argue that the claims against Brigman did not accrue and the statute of limitations did not commence until this recent discovery.

The difficulty with the parties' arguments concerning the statute of limitations is that both sides rely on depositions and exhibits that are beyond the pleadings and the issue is more appropriately addressed in a properly supported motion for summary judgment.[3] The court declines the parties' invitation to entertain a summary judgment motion concerning an individual who has not been served and is not even a party at this time. Under the

---

[3] The awkwardness is highlighted by Astle and Gilliland's motion to file a surreply to add factual information and an exhibit to counter the buyers' exhibits and affidavits.

-4-

circumstances, the better approach is to allow the amendment and Mr. Brigman can file an appropriately supported motion for summary judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (**Doc. 68**) is **GRANTED.** The buyers shall file and serve their amended pleadings by **August 24, 2012.**

**IT IS FURTHER ORDERED** that Astle and Gilliland's motion for leave to file a surreply **(Doc. 80)** is **MOOT.** The rulings herein are without prejudice to the filing of any dispositive motion by Mr. Brigman.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of August 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge