**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, Plaintiff, v. JERRY MCGONIGLE, et al., Defendants. JERRY AND GEORGIA MCGONIGLE, Defendants/Third -Party Plaintiffs v. MARY RICH, et al. Third Party Defendants. | **CIVIL ACTION** No. 10-1273-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants Jerry McGonigle and Georgia McGonigle's motion for leave to amend their third party complaint against plaintiff. (Doc. 136). The motion has been fully briefed and is ripe for decision. (Docs. 138, 141). The McGonigles' motion is denied for the reasons herein.

**I. Facts and Procedural History**[1]

This case arose after the McGonigles purchased a home and the surrounding acreage in Hutchinson, Kansas, in 2008 from Danny and Mary

---

[1] The majority of the facts is taken from the parties proposed pretrial order which was submitted to the court for review.

Beth Rich. The purchased land included the Panorama Dam. In 1981, the Riches entered into an agreement with the City of Hutchinson concerning the duties of both the Riches and the City concerning the dam. The agreement required the Riches to remove trees from close proximity to the dam, and to perform maintenance and repairs. The City also had the right to inspect the dam and give notice of needed repairs. In the event that the Riches did not make said repairs, the City could complete the repairs and bill the Riches. This agreement was binding upon the parties and their assigns and was filed with the Register of Deeds.

In 1999, a title insurance commitment was issued by First American to the Riches. The commitment did not include the 1981 agreement. In 2008, plaintiff issued a title insurance commitment to the McGonigles for the property. The commitment did not include the 1981 agreement. At some point after the sale closed, the McGonigles learned of the 1981 agreement.

On January 8, 2009, a meeting was held at Panorama Dam with the McGonigles and representatives for the City and the Kansas Division of Water Resources (DWR). The McGonigles were told that the maintenance of the dam was their responsibility and the DWR expressed several concerns about the dam and suggested several repairs. On December 4, 2009, the McGonigles received an estimate for the repairs to the dam. The estimate was approximately $850,000. The McGonigles sent a demand letter to plaintiff, seeking coverage under the title commitment. Plaintiff denied the claim and filed this action seeking a declaratory judgment that it has no duty to defend or honor the McGonigles' claims.

The McGonigles filed a counter claim against plaintiff, and cross claims against the Riches, Aste Realty, Karen Gilliland and Terry Brigman. The McGonigles amended their complaint on two additional occasions. (Docs. 54, 88). The City filed an answer and cross claim against the McGonigles and the Riches, seeking specific performance. The parties submitted a proposed pretrial order to the court in December 2012. The proposed pretrial order states that both the Riches and Aste Realty contend that the 1981 agreement is unenforceable because the DWR had exclusive jurisdiction over the dam. The City sought specific performance of the agreement. All parties agreed to proceed to a bench trial on March 26, 2013.

On January 11, 2013, the City moved for summary judgment on the basis that the 1981 agreement was unenforceable. (Doc. 130). All parties, including the McGonigles, agree with the City's position and the motion is uncontested. (Docs. 135, 139). In light of this motion and the anticipated result, the McGonigles move to amend their complaint and add a claim of negligence against plaintiff. (Doc. 136). Plaintiff objects.

**II. Analysis**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a). Subsequent amendments are allowed only by leave of court or by written consent of the adverse party. Leave to amend, however, is to be "freely given when justice so requires." Id. The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion. Woolsey

-3-

v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). Leave to amend should be denied when the court finds undue delay, undue prejudice to the non-moving party, or bad faith of the moving party. Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

The McGonigles essentially argue that they should be allowed to amend their complaint to add an additional claim of negligence due to the City's abrupt change of position. In their proposed third amended counterclaim (Doc. 136, exh. 1 at count sixteen), the McGonigles assert that plaintiff's failure to identify the 1977 or 1981 agreement in the October 30, 2008, title policy was a ". . . breach of its common law duty." The exact nature of the "common law duty" is not specified. The McGonigles have consulted an "expert" whose "preliminary" opinion is that plaintiff violated unspecified "industry standards" by not disclosing the existence of the 1981 agreement. The "expert" does not mention the 1977 agreement.

Based on the deposition excerpts provided, it would appear that plaintiff's title search did not go back beyond December 1, 1999, the date of a prior title examination. (Depo. of Julie Quint). The court does not know, and certainly expresses no opinion, whether that is an acceptable practice in the title insurance industry. The McGonigles' "expert" sheds no light on the issue. The three cited Kansas cases, Ford v. Guarantee Abstract and Title Co., Inc., 220 Kan. 244, 266 (1976) and two decisions of the Kansas Court of Appeals, while dealing with negligence by title insurance companies, do not address the issue, either.

In their proposed third amended complaint, the McGonigles further assert that had they known of the 1977 and/or 1981 agreements, they

would not have purchased the property.  This allegation is hard to square with the McGonigles' stated reason for their proposed amendment: the "unique and unexpected change of position by the City of Hutchinson . . ." (Doc. 136 at 2).  It's clear that the McGonigles have been aware of the agreements throughout this litigation <u>and</u> plaintiff's failure to disclose the agreements in the 2008 title policy.  The McGonigles have not satisfactorily explained why, having this knowledge, they could not have made negligence claims in their original and amended counterclaims, regardless of the City of Hutchinson's position.

Contrary to the McGonigles' assertions, adding a negligence claim at this final stage of the case will complicate and probably delay final resolution, whether through settlement or trial.  If the court allows the opinion of the McGonigles "expert" (such as it is), then plaintiff will be entitled to search for its expert, who has yet to be retained.  Plaintiff suggests that adding a negligence claim may result in comparison of fault against others, although they are not identified.

The deadline to amend the McGonigles' complaint has long passed. This case is almost three years old and trial is set for next month. The court is not persuaded by the McGonigles' position of surprise. The defense of exclusive jurisdiction was explicitly presented by two parties in the proposed pretrial order.  Additionally, plaintiff's contentions in the proposed pretrial order suggested that DWR potentially had exclusive jurisdiction.  Therefore, the court finds that the McGonigles have not been blindsided by the City's position in its motion for summary judgment.

-5-

Therefore, the court finds that allowing the McGonigles to amend their complaint would result in both undue delay and prejudice to plaintiff.  Fed. R. Civ. P. 1.

**III. Conclusion**

Defendants Jerry and Georgia McGonigle's motion to amend their complaint against plaintiff is denied.  (Doc. 136).

IT IS SO ORDERED.

Dated this ___22nd___ day of February 2013, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE